BARNES–KING DEVELOPMENT CO. v. ASSETS COLLECTING CO.

(Circuit Court of Appeals, Second Circuit. May 14, 1913.)

No. 218.

1. APPEAL AND ERROR (§ 1195*)—DETERMINATION—EFFECT ON RETRIAL.

Where, in an action for damages for fraud in the sale of certain corporate stock against a corporation, it was held on appeal that plaintiff could recover in case its assignor was not an original purchaser, but had purchased from the corporation stock which had once been issued by it and subsequently reacquired, so that the corporation could sell it for any price it chose, and that the complaint might be so construed as to allege such a cause of action, plaintiff could not recover on proof that the stock, though ostensibly issued to two individuals, had not in fact been issued until paid for, and had not been paid for and the certificates delivered until the subscriptions had been made to syndicate managers, through whom plaintiff's assignor purchased the stock.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. APPEAL AND ERROR (§ 1201*)—DETERMINATION—PROCEEDINGS IN LOWER COURT—AMENDMENT.

While a variance between pleading and proof may be cured by amendment, which may even be made in the appellate court, such an amend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment will not be allowed where plaintiff has obtained a reversal of a judgment against it and secured a new trial by convincing the appellate court that the complaint should be construed as setting forth its specific cause of action, in which case plaintiff is bound to prove such cause of action, and none other, and may not then amend to set forth another and different cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673, 4677–4683; Dec. Dig. § 1201.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Assets Collecting Company against the Barnes-King Development Company. Judgment for plaintiff, and defendant brings error. Reversed.

The plaintiff sues as assignee of Arthur P. Heinze to recover damages claimed to have been sustained by him in the purchase from defendant of capital stock of the defendant, by reason of fraudulent representations claimed to have been made by defendant to induce such purchase. The brief of defendant in error thus states the cause of action.

"The stock was purchased by Heinze, and the sum of $125,000 was paid by him therefor, in reliance upon statements of fact contained in a certain prospectus or circular issued and circulated by defendant. Heinze relied upon these statements and believed them to be true and was thereby induced to purchase and pay for the stock. These statements were false, were recklessly made, and were known to the defendant to be false and were made with intent to deceive and defraud Heinze by inducing the purchase of and payment for the stock at par. The stock was practically worthless."

Chadbourne & Shores, of New York City, for plaintiff in error.

Richard S. Harvey, of New York City (F. E. M. Bullowa and Emilie M. Bullowa, both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This is the second time this cause has come before us. Our former opinion will be found in 198 Fed. 82.

Upon the first trial the cause was disposed of on demurrer to the complaint. The trial judge construed the complaint as averring that Heinze was an original subscriber to the stock. He held that such a subscriber, whose subscription had been induced by false representations made by the corporation or its agents, could not recover back what he had paid and still retain the stock. The plaintiff contended here that this was error, but upon that proposition we concurred with the trial court. The judgment, however, was reversed because it was also contended that Heinze was not an original subscriber, but had purchased from the company stock, which had once been issued by it and subsequently reacquired, so that the corporation had the right to sell for what price it chose. The complaint is somewhat ambiguous; it contains, however, an averment that on a certain date Heinze purchased 25,000 shares of the stock and paid therefor to the agents for defendant $125,000. We therefore held that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"This averment is entirely consistent with a sale by the company of stock once fully paid for and afterwards donated it to sell on the open market. We cannot, upon such a complaint, find that Heinze was a subscriber for an original issue of stock, when there is no testimony to show it, and plaintiff's counsel in his brief insists that such is not the fact."

[1] This decision construed the complaint for the purposes of this suit as setting forth a contract of purchase from the company of shares which it had the right to sell at any price. It was to enable plaintiff to make out, by proof, such a cause of action as the complaint thus construed set forth, that the former judgment was reversed and cause remanded for a new trial. This it has failed to do; it has proved no such purchase of stock reacquired by the corporation. There was apparently some form gone through of first issuing the stock in the names of two individuals, Campbell and Lalor; but it was not really and substantially issued until it was paid for, and it was not paid for and the stock certificates delivered until the subscriptions had been made to the syndicate managers, through whom Heinze took his stock. It is unnecessary to discuss the testimony on this branch of the case, since plaintiff in his brief, at page 50, practically concedes that the cause of action on which he has now recovered is not the cause of action, which by our former decision we gave him the opportunity to prove if he could.

[2] Reference is made to our decision in Sigafus v. Porter, 84 Fed. 430, 28 C. C. A. 443, where it is stated that when there is a variance between the pleading and the proof the pleading may be amended to conform to the proof, and that such amendment may be made even in the appellate court. But such amendment should not be allowed where the plaintiff has obtained a reversal of a judgment against it and thus secured a new trial by convincing the appellate court that the complaint should be construed as setting forth a specific cause of action. When thereafter it comes to its new trial, it is that specific cause of action and none other which it must prove; it may not then amend the complaint to set forth some other and different cause of action.

And, indeed, as to this "other and different cause of action" we have already held that plaintiff cannot recover.

The judgment is reversed.